UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RICKY LEE HIGGINS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:09cv0495 DJS |
| ) | TCM |
| **AL LUEBBERS,** ) | |
| ) | |
| Respondent. ) | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Ricky Lee Higgins, a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from an August 2001 conviction. See 28 U.S.C. § 2254. Also pending is a motion by Respondent, Al Luebbers, to transfer the case to the United States District Court for the Western District of Missouri and a motion by Petitioner for the appointment of counsel. His petition and the two motions are before the undersigned United States Magistrate Judge for a review and a recommended disposition. See 28 U.S.C. § 636(b).

**Background**

Petitioner is challenging a conviction on three counts of receiving stolen property and one count of second-degree burglary on thirteen grounds. (Pet. at 1, 11-12.) Petitioner previously challenged his August 2001 conviction following a guilty plea to the four felonies in a § 2254 petition filed in the Western District of Missouri. Higgins v. Gammon, No. 03-9624-W-DW. He raised one ground for relief in that petition. (Resp. Ex. A at 12.) The

respondent argued that the petition should be dismissed because it was untimely under 28 U.S.C. § 2244(d)(1)(A). (Resp. Ex. B at 2.) The court agreed and, on October 16, 2003, dismissed the petition as time-barred. (Resp. Ex. C.)

In July 2007, Petitioner filed a pro se motion for state post-conviction relief. (Pet. Ex. at 2.) The motion, amended by appointed counsel, argued that the pro se motion had not been timely filed because his earlier counsel had abandoned him. (Id.) After an evidentiary hearing, the court found otherwise and dismissed the motion. (Id.) His appeal was denied on February 24, 2009. (Id. at 1-6.)

One month later, Petitioner filed the pending petition.

Respondent argues in his motion that the case should be transferred to the Western District of Missouri because it is challenging a conviction arising out of a proceeding in that District. In his response to the show cause order, Respondent argues that the case should be dismissed because Petitioner has not obtained the necessary leave from the Eighth Circuit Court of Appeals to file a second or successive petition.

## Discussion

It is undisputed that Petitioner is attacking in this proceeding the same conviction he previously challenged. Title 28 U.S.C. § 2254(b)(1), (2) delineates when a claim presented in a second or successive § 2254 petition shall be heard. One such instance is when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2254(b)(2)(B)(i). Petitioner alleges that he was not aware of the factual basis for two of his thirteen claims until it was too late to raise them in

his state post-conviction motion. Other than again asserting that he was abandoned by counsel, he does not explain the lack of diligence on his other claims.

Regardless of why Petitioner failed to present his current claims in his previous § 2254 petition, it is undisputed that it is a second, successive petition. Section 2254(b)(3)(A) requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has failed to do so; consequently, this court lacks jurisdiction. See **Burton v. Stewart**, 549 U.S. 147, 154 (2007) (per curiam); **Cox v. Norris**, 167 F.3d 1211, 1212 (8th Cir. 1999); **Burton v. Smith**, 2008 WL 3926356, * 1 (E.D. Mo. 2008). See also **Bell v. North Dakota**, 567 F.Supp.2d 1130, 1133 (D. N.D. 2008) (holding that dismissal of earlier § 2254 petition on grounds of procedural default was a decision on the merits and, therefore, pending § 2254 petition was a second or successive petition that required authorization from the Eighth Circuit to file).

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's motion to transfer is **DENIED**. [Doc. 6]

**IT IS FURTHER ORDERED** that Petitioner's motion for the appointment of counsel is **DENIED** without prejudice. [Doc. 8]

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Ricky Lee Higgins be dismissed for lack of jurisdiction.

The parties are advised that they have **up to and including October 13, 2009,** by which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2009.