UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICKY LEE HIGGINS,                )
                                  )
        Petitioner,                )
                                  )
        vs.                        )       No. 4:09CV495-DJS
                                  )
AL LUEBBERS,                      )
                                  )
        Respondent.                )

### ORDER

This case is before the Court on the report and recommendation of the United States magistrate judge [Doc. #10], recommending dismissal of petitioner Ricky Lee Higgins' petition for writ of habeas corpus [Doc. #1], and petitioner's objections thereto [Doc. #12]. These matters are now ripe for disposition.

**Background**

In August 2001, petitioner pled guilty to three counts of receiving stolen property and one count of second-degree burglary. He was sentenced to 15 years on each count, with the sentences to run concurrently. In July 2003, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court, Western District of Missouri. Higgins v. Gammon, No. 03-9624-W-DW (W.D. Mo. Oct. 16, 2003). As grounds for relief in that petition, petitioner alleged that "his pleas of guilty were involuntary and unintelligently entered because he was not allowed to withdraw his guilty pleas prior to sentencing,

because he was dissatisfied with his attorney's performance, and because the state breached the plea agreement." Id. at 1. The court dismissed that petition as time-barred. Id. at 2.

In July 2007, petitioner filed a pro se motion for post-conviction relief in state court. Doc. #1-1 at p. 2. In October 2007, his court-appointed counsel filed an amended motion, admitting that the pro se motion was not filed within the applicable limitations period but arguing that the motion should be allowed because petitioner's counsel abandoned him. Id. After an evidentiary hearing, the court dismissed the motion because it was untimely and petitioner's counsel did not abandon him. Id. On February 24, 2009, this dismissal was upheld on appeal. Id. at 6.

**Instant Petition**

The instant petition for writ of habeas corpus was filed in this Court on March 27, 2009. Petitioner raises thirteen bases for relief from his convictions pursuant to 28 U.S.C. § 2254. Doc. #1. The magistrate issued his report and recommendation on September 30, 2009. The magistrate recommends that petitioner's writ of habeas corpus be dismissed for lack of jurisdiction because petitioner failed to obtain authorization from the Eighth Circuit Court of Appeals for a second or successive application.

**Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1), the Court gives de novo consideration to those portions of the report and

recommendation to which objections are made. In order to trigger such review, the objections must be sufficiently specific, addressing particular findings or conclusions of the magistrate or asserting specific allegations of error. See, e.g., Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)). "[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney, 749 F.2d at 7.

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A claim presented in a second or successive application that was not presented in a prior application shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "Before a second or successive application . . . is filed in the district court, the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). It is well-established that a district court lacks jurisdiction to consider a second or successive application unless the petitioner obtains the required authorization from the court of appeals. Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam).

**Petitioner's Objections**

Petitioner objects to the magistrate's analysis. He argues that when the state courts rejected his most recent post-conviction motion, they created an action that automatically brings petitioner before this Court, without petitioner having to request authorization from the Eighth Circuit. Essentially, petitioner contends that his petition is non-successive.

The Court has considered petitioner's argument and finds it to be without merit. Petitioner cites no law in support of his position. Because petitioner's petition challenges his underlying convictions and sentences, and not a judgment different from that attacked in his first petition, see, e.g., Leal Garcia v. Quarterman, 573 F.3d 214, 224 (5th Cir. 2009), petitioner's petition is successive. Petitioner must receive authorization from the Eighth Circuit prior to filing a second or successive petition with this Court. 28 U.S.C. § 2244(b)(3)(A). Because petitioner failed to obtain authorization from the Eighth Circuit, this Court

4

lacks jurisdiction over his petition and must dismiss it.  <u>Burton</u>, 549 U.S. at 153.

## Conclusion

This Court has reviewed the record, the petition, the magistrate judge's report and recommendation, and petitioner's objections thereto.  The Court finds that the report and recommendation sets forth a correct analysis.  Petitioner's objections to the report and recommendation are without merit and are denied in their entirety, and the Court will adopt the report and recommendation of the magistrate judge.  Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #12] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #10] is hereby accepted and adopted.

**IT IS FURTHER ORDERED** that the petition of Ricky Lee Higgins for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. #1] is dismissed.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

Dated this   22nd   day of September, 2010.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE